993 F.2d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Harry G. JOHN, Plaintiff-Appellant,
v.
Donald A. GALLAGHER, Erica P. John, William Cannon, et al.,
Defendants-Appellees.
 No. 91-2631.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided April 30, 1993.
As Amended May 4, 1993.
Rehearing and Rehearing In Banc
Denied July 12, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Harry G. John brought this section 1983 action (as well as several others not before us) arising out of his removal as director and trustee of DeRance, Inc., a charitable foundation. John lost, and the district court imposed sanctions under Federal Rule of Civil Procedure 11. John appealed, and the parties submitted briefs.
 
 
 2
 On December 19, 1992, after briefing was completed, John died. Pursuant to Rule 43(a), the appellees filed a suggestion of death. Thomas J. Jeffers, Jr., John's attorney, later joined in the appellees' suggestion of death.[1] We did not receive any motion for the substitution of John's personal representative. By order dated January 19, 1993, we directed the parties to submit memoranda discussing whether the appeal was moot due to John's death, and if not, what issues remained for our resolution. Jeffers filed a memorandum in which he stated that "[t]he death of Harry G. John and the dissolution of DeRance, Inc. appears to leave this case moot at the very least." Although Jeffers has since filed a motion to substitute the personal representative of John's estate, he has failed to explain why the appeal is no longer moot. Accordingly, we deny the motion to substitute, and we dismiss the appeal as moot.
 
 
 3
 APPEAL DISMISSED.
 
 
 
 *
 After preliminary examination of the record, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 An authenticated notice of the certificate of death has not been filed with this court